UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KEENAN A. DAVIS, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:25-CV-231-JD-APR |
| TROY HERSHBERGER, et al., | |
| Defendants. | |

OPINION AND ORDER

Keenan A. Davis, a prisoner without a lawyer, filed a complaint. ECF 1. "Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When a plaintiff is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Davis has sued Quality Correctional Care (QCC) and Sheriff Troy Hershberger because he has not been given a bottom bunk pass at the Allen County Jail since his arrival there on April 6, 2025. Davis claims he should have been given such a pass because documentation in the computer shows he had "seizures in the past" and fell from a top bunk in a penitentiary in Pennsylvania in 2020. ECF 1 at 2. Davis states Sheriff Hershberger has a "contract with Quality Correctional Care/Medical to ensure my healthcare needs." *Id*. He claims he has had "many struggles" including being placed on the top bunk when "it's known I have seizures." *Id*. He requests monetary damages in the form of "maximum compensation." *Id*. at 4.

According to the complaint, Davis is a pretrial detainee, so his claims must be analyzed under the Fourteenth Amendment. *See generally Miranda v. Cty. of Lake*, 900 F.3d 335 (7th Cir. 2018). As such, he is entitled to constitutionally adequate medical care for his serious medical needs, which requires jail staff to take "reasonable available measures" to address a "risk of serious harm" to an inmate's health or safety. *Pittman v. Madison Cnty.*, 108 F.4th 561, 572 (7th Cir. 2024). Whether a defendant is providing reasonable care is determined by a purely objective standard. *Id.* First, the plaintiff must allege the defendant performed a volitional act or made a deliberate choice not to act. *Id.* at 570. "This framing asks strictly whether the defendant intended to commit the physical act that caused the alleged injury." *Id.* "[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) (quotation marks omitted). Then, the reasonableness of that action or inaction is assessed based on whether "reasonable

2

[individuals] under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman*, 108 F.4th at 572 (emphasis omitted). Whether the defendant actually knew that his action or inaction would cause harm is irrelevant under the Fourteenth Amendment. *Id.* "[W]hen evaluating whether challenged conduct is objectively unreasonable, courts must focus on the totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020) (quotation marks omitted).

Here, other than having a contract and being generally responsible for inmate care, Davis doesn't explain how the named defendants were involved in his bunking decisions. With regard to the Sheriff, there is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *see also Burks*, 555 F.3d at 596 ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's."). With regard to QCC, although a private company performing a state function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), it cannot be based on a *respondeat superior* theory. *See Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021). Rather, "[i]n a case against a private contractor that provides healthcare to incarcerated people, the critical question for liability is whether a municipal (or corporate) policy or custom gave rise to the harm (that is, caused it)." *Id.* at 653–54 (internal quotation marks and citation omitted).

Accordingly, based on Davis's sparse allegations, the court cannot conclude the Sheriff or QCC are liable to Davis for any constitutional violations. It cannot be inferred that they knew, or should have known, of his seizure activity from five years ago in Pennsylvania or that he was issued a bottom bunk pass while there. His vague allegation of lack of proper care due to "many struggles" isn't sufficient to state a claim. In sum, it's not clear that reasonable individuals faced with the same circumstances and privy to the same information—or lack thereof—would have understood that placing Davis on a top bunk involved a high degree of risk. *See Pittman*, 108 F.4th at 572; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).") (quotation marks, citations and footnote omitted)).[1]

This complaint does not state a claim for which relief can be granted. If Davis believes he can state a claim based on (<u>and consistent with</u>) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law

---

[1] In addition to monetary damages, Davis has also requested that "disciplinary actions" be brought against the defendants, that they be fired, and that the medical "rules and regulations" be changed. ECF 1 at 4. Because he has not stated any viable claims, these requests will also be dismissed.

library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Keenan A. Davis until **June 17, 2025**, to file an amended complaint; and

(2) CAUTIONS Keenan A. Davis if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on May 16, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT